UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| LEATRICE L. LITTLE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 1:16-cv-285-RLW |
| CAPE GIRARDEAU POLICE DEPARTMENT, et al., | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the court upon the motion of plaintiff Leatrice L. Little for leave to proceed herein *in forma pauperis*. The Court has reviewed the financial information submitted in support, and will grant the motion. The Court will also dismiss the complaint, without prejudice.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to, *inter alia*, draw upon judicial experience and common sense. *Id.* at 679.

When conducting initial review pursuant to § 1915(e)(2), the Court must give the

complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, this does not mean that *pro se* complaints may be merely conclusory. Even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

**Background**

In 1981, plaintiff was convicted of first-degree burglary and forcible rape. *Missouri v. Little*, 674 S.W.2d 541 (Mo. banc 1984). He filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was granted by the Court of Appeals for the Eighth Circuit in 1987. *Little v. Armontrout*, 835 F.2d 1240 (8th Cir. 1987). The Court of Appeals held that the admission of the victim's post-hypnotic identification testimony violated plaintiff's right to due process. *Id.*

On August 13, 2015, plaintiff filed a *pro se* complaint in this Court alleging violations of his civil rights. *Little v. Cape Girardeau Police Dept.*, No. 4:15-cv-1237-DDN (August 14, 2015). There, plaintiff sued the Cape Girardeau Police Department, the Brentwood Police Department, and the State of Missouri for harassment by police officers, seeking $6.3 billion in damages. *Id.* Plaintiff alleged that police officers, apparently investigating a rape, visited him at his place of employment on December 11, 2011. *Id.* Plaintiff alleges that the officers yelled at

him and stated that he had gotten off on a technicality. *Id.* Plaintiff alleged that he suffered mental and emotional pain and damage to his reputation. *Little*, No. 4:15-cv-1237-DDN (August 14, 2015). Plaintiff's complaint was dismissed as legally frivolous. *Id.*

### The Complaint

Plaintiff filed the instant five-count complaint on December 12, 2016. (Docket No. 1). Named as defendants are the Cape Girardeau Police Department, Police Hypnotist B.J. Lincecum, and Detective Bill McHughes.

In Count I, titled "Violation of Constitutional Rights," plaintiff alleges that: he was denied the right to confront witnesses during his state trial; the victim's identification of plaintiff lacked credibility; hypnotically-induced testimony is inadmissible; he was improperly denied a state-provided expert; the trial court wrongfully admitted witness testimony identifying plaintiff as the assailant; the trial court improperly denied his motion for the appointment of a forensic hypnotist; hypnosis was improperly used to refresh witness memories; the audio recording of the hypnotic sessions conducted by the state were wrongfully destroyed; the identification procedure was suggestive in that hypnosis was used; and he was effectively denied counsel. *Id.* at 1-3.

In Count 2, titled "Deprivation of Rights under Color of Law, Title 18 U.S.C. Code 242, Section 14141," plaintiff alleges that he was falsely arrested due to the lack of (or improper) training of Lincecum and McHughes. Plaintiff also alleges that the police lineups were improperly suggestive, that Lincecum should not have been allowed to conduct hypnotic sessions, that recordings of such sessions were improperly destroyed, and that identification testimony was improperly admitted. *Id.* at 3.

Count 3 is titled "Defamation of Character." Count 4 is titled "Slander." Count 5 is

titled "Causing Emotional Distress." *Id.* at 4. In support of these counts, plaintiff alleges: "It is obvious that Plaintiff has been defamated and slandered. The emotional distress caused has been detrimental and recorded by at least a dozen physicians." (Docket No. 1 at 4).

Plaintiff includes a section titled "Closing Statement" that provides as follows:

> With the unconstitutional violations resulting in Plaintiff serving 6.3 years in prison, then having Defendant re-enter Plaintiff's life 31 years later, resulting in unprecedented defamation and slander and has caused severe emotional distress to a point of constitutional violations. This is a case of unprecedented proportion which will result in unprecedented actions. The dangers of hypnosis have been enumerated by the medical profession, the legal scholars and virtually every court which has had the opportunity of considering the issue. It substantially affects the reliability of the pseudomemory thereafter created and denigrates, through its effect upon subjective confidence, the right of a defendant to confront the witnesses against him. It was fundamentally unfair for Missouri to place the burden of proving any detrimental effect of hypnosis upon Plaintiff and simultaneously sanction the destruction of the tapes and the denial of expert assistance. It was fundamentally unfair to leave the jury without a specific instruction drawing their attention to defense misidentification.
>
> Constitutionally, under the First Amendment, Plaintiff has a right to file grievance. Under the Seventh Amendment, Plaintiff has a right to a civil trial by jury. The Ninth Amendment provides that Plaintiff's rights under the Constitution are non-exhaustive.
>
> For a police department to create evidence and cause a conviction only to have the conviction overturned at a later date, then for the police to continue tormenting and threatening the man forever by seeking warrants based upon the grounds which the case was reversed upon is fundamentally unconstitutional. Plaintiff should not have to live under these pressure and bullying tactics implemented upon him by the Defendant with its oppressive and humiliating behavior which has no grounds for cause, yet they have been allowed to go on all based on fabricated evidence and improper conduct. This evidence was proven illegally gained, yet Defendant is allowed to re-enter Plaintiff's life forever, claiming that Plaintiff only "got off on a technicality."
>
> Today, Plaintiff seeks redress under his constitutional rights as a citizen who has committed no crime, but has been falsely sentenced and treated criminally now for over 35 years. If Defendant can enter Plaintiff's life any time, simply by requesting a warrant based on these false allegations, then Plaintiff is entitled redress under the laws and constitution of the United States of America.

*Id.* at 4-5.

For his prayer for relief, plaintiff asks the Court to "order Defendant to pay Plaintiff in relief the amount of 6.3 billion dollars." (*Id.* at 5).

**Discussion**

The complaint will be dismissed as to the Cape Girardeau Police Department because, as a department or subdivision of City government, it is not suable, meaning it is not subject to a lawsuit under federal law. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such"); *see also Ballard v. Missouri*, No. 4:13CV528 JAR, 2013 WL 1720966, at *3 (E.D. Mo. April 22, 2013) (dismissing as legally frivolous claims against several departments of local government, noting that they were not juridical entities suable as such); *Wallace v. St. Louis City Justice Ctr.*, No. 4:12CV2291 JAR, 2013 WL 3773971, at *2 (E.D. Mo. July 17, 2013) (dismissing claims against the St. Louis City Justice Center because, as a department or subdivision of local government, it is not a suable entity).

The complaint will also be dismissed as to Police Hypnotist Lincecum and Detective McHughes because it is clear that it is barred by the three-year Missouri statute of limitations. *See Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992) ("Although the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint under 28 U.S.C. § 1915[] when it is apparent the statute of limitations has run.").

Plaintiff's complaint arises under 42 U.S.C. § 1983. Because § 1983 provides no period of limitation, the controlling limitation period is the most appropriate period provided by state law. *Buford v. Tremayne*, 747 F.2d 445, 447-48 (8th Cir. 1984) (*citing Johnson v. Railway*

*Express Agency*, 421 U.S. 454, 462 (1975), *Foster v. Armontrout*, 729 F.2d 583, 584 (8th Cir. 1984)). Section 1983 actions should be characterized as personal injury claims for the purpose of applying the appropriate statute of limitations. *Wilson v. Garcia*, 471 U.S. 261, 276 (1985). Missouri law provides a five-year limitations period for personal injury actions. Mo. Rev. Stat. 516.120(4) (2000). This Court will therefore apply Missouri's five-year statute of limitations to the instant cause of action.

Having carefully reviewed all of the facts alleged in the complaint and afforded the complaint the benefit of a liberal construction, the Court concludes that no cause of action is maintainable against Lincecum or McHughes. The only claims of constitutional dimension that are presented with any specificity occurred at the time of plaintiff's arrest and prosecution, more than 35 years ago. Such claims are therefore barred by Missouri's five-year statute of limitations.

The "Closing Statement" portion of the complaint states that "Defendant" re-entered plaintiff's life "31 years later;" that police have tormented and threatened him "forever" by seeking warrants; and that "Defendant" is allowed to re-enter plaintiff's life "forever" claiming he "got off on a technicality." (Docket No. 1 at 4-5). However, these statements are merely conclusory and speculative. Plaintiff does not identify the defendant he is referring to, he does not state when such defendant re-entered his life, and he does not describe with any specificity what happened and what harm resulted. This Court will not assume facts that are not alleged simply because doing so would form a stronger complaint. *Stone*, 364 F.3d at 914-15. Even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin*, 623 F.2d at 1286.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion for Leave to Proceed In Forma Pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's Complaint is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (Docket No. 4) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 2nd day of February, 2017.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE